IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| MARINE PROFESSIONAL SERVICES, INC., | ) ) | CASE NO. 04-81197-G3-7 |
| | ) | |
| Debtor, | ) | |
| | ) | |

<u>MEMORANDUM OPINION</u>

The court has considered the Motion to Compromise Controversy Under Bankruptcy Rule 9019 with James L. Carver (Docket No. 30). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

<u>Findings of Fact</u>

Marine Professional Services, Inc. ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on July 8, 2004. Robbye R. Waldron ("Trustee") is the Chapter 7 Trustee.

Prior to the filing of the Chapter 7 petition in the instant case, James L. Carver, a shareholder and former officer and director of Debtor, filed suit, in the 405th Judicial District Court of Galveston County, Texas, against Thomas E. Cook and John William Lyons, Jr., both of whom were shareholders,

directors and officers of Debtor.

Concurrently with the filing of the petition in the instant Chapter 7 case, Debtor removed the suit filed by Carver. That suit remains pending in an adversary proceeding in this court, in Adv. No. 04-8026.

In the removed suit, Carver has asserted generally that Cook and Lyons breached a fiduciary duty owed to him and oppressed him in his role as a minority shareholder.  Cook and Lyons generally assert that Carver misappropriated Debtor's funds, and was rightfully forced out of Debtor's operations.

On September 13, 2004, Trustee sought abatement of Adversary No. 04-8026, asserting that the claims asserted by Carver are property of the bankruptcy estate.  Abatement was sought pending determination of ownership of the claims.

On September 15, 2004, Carver filed a motion for summary judgment with respect to his corporate oppression claim. After a hearing, the court denied summary judgment.  In the court's order denying summary judgment, the court determined that Carver "has no cause of action for corporate oppression separate and independent from that owned by the bankruptcy estate."  The court did not address any grounds asserted by Carver for recovery other than corporate oppression.

On November 10, 2004, Trustee filed Adversary No. 04-8043, seeking a determination that the bankruptcy estate, and not

Carver, owns the causes of action stated in Adversary No. 04-8026.

In the instant motion, Trustee seeks approval of a compromise with Carver.  The compromise generally provides that the bankruptcy estate will own all the causes of action Carver initially asserted in Adversary No. 04-8026.  In return, the estate grants Carver a release of any causes of action it may have against him, and grants Carver an allowed unsecured claim in the amount of $600,000, subordinated to payment of all other unsecured claims in full.

The motion is opposed by Cook and Lyons, purportedly in their roles as shareholders (although Cook testified that the shares purportedly owned by Cook and Lyons in fact are owned by their respective wives).  Cook and Lyons assert that the proposed compromise is of no benefit to the bankruptcy estate, because the claims against them are worthless, because the court has already ruled that the causes of action are owned by the estate, and because the estate is giving up valuable claims against Carver without consideration.

Carver testified that he believes the value of the claims he has asserted in the removed suit is at least $375,000, and likely in excess of $1 million.

Trustee testified that he reviewed the causes of action asserted in Adversary No. 04-8026.  He testified that he

consulted his counsel, and reviewed documents, including the original petition filed in state court in the removed suit. Trustee testified that, in his business judgment, the proposed compromise is in the best interest of the bankruptcy estate.  He testified that litigation against Cook and Lyons represents the best opportunity to obtain a meaningful distribution to creditors of the bankruptcy estate.  He testified that the compromise is supported by several of the non-insider creditors of the bankruptcy estate, and that the only objecting parties are Cook and Lyons, the defendants in the underlying litigation.

Trustee testified that he believed Carver would appeal any adverse ruling with respect to ownership of the causes of action asserted in Adversary No. 04-8026, thus increasing the expense and time of litigation.  He testified that increasing the duration of litigation impairs the potential value of the litigation to the estate, because the witnesses may potentially become unavailable, or may lose recollection of the events which potentially give rise to the causes of action asserted.

Trustee testified that the assets of the bankruptcy estate, other than the causes of action asserted in Adversary No. 04-8026, consist of approximately $17,000 in cash, and several accounts receivable.  He testified that he believes collection of the accounts receivable is uncertain, in light of Debtor's inability to collect the accounts.

With respect to the estate's potential causes of action against Carver, Trustee testified that he contacted several attorneys to determine whether any would take the case on a contingent fee basis.  He testified that, if all the allegations of Cook and Lyons regarding Carver's misdeeds were true, the estate could conceivably be entitled to recover $228,000 from Carver.  He testified that the attorneys he contacted would take the case only on an hourly basis.  He testified that he investigated the financial condition of Carver, and determined that his likelihood of being able to collect anything against Carver was low.

Trustee testified that the total amount of unsecured claims against the bankruptcy estate is approximately $628,000. He testified that he believes there will be little, if any, distribution on the subordinated claim Carver would obtain under the proposed compromise.  He testified that the subordination of any claim Carver was to obtain was the most important factor in his analysis of the proposed compromise.

## Conclusions of Law

In deciding whether to approve a settlement of litigation, the court must consider the terms of the compromise in comparison with the likely rewards of litigation.  The court must evaluate:  1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law; 2)

the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay; and 3) all other factors bearing on the wisdom of the compromise.  <u>Matter of Cajun Elec. Power Cooperative, Inc.</u>, 119 F.3d 349 (5th Cir. 1997), <u>citing</u> <u>In re Jackson Brewing Co.</u>, 624 F.2d 599 (5th Cir. 1980).

Under the third "catch-all" provision, the court should consider the best interests of the creditors, with proper deference to their reasonable views, and the extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion.  <u>In re Foster Mortgage Corp.</u>, 68 F.3d 914 (5th Cir. 1995).

The court need not conduct a "mini-trial" of the underlying cause of action, but need only apprise itself of the relevant facts and law in order to make an informed and intelligent decision.  <u>Cajun Elec.</u>, 119 F.3d, at 356.

In the instant case, the matters to be considered need not reach a consideration of the merits of the potential causes of action against Cook and Lyons, but rather turn on the Trustee's evaluation of the likelihood that litigation of those causes of action will result in a greater distribution to creditors of the bankruptcy estate.  With respect to the instant matters to be compromised: that is, the estate's potential causes of action against Carver, and the dispute between the estate and Carver with respect to the ownership of the causes of

action against Cook and Lyons, the proposed compromise is supported by the creditors.  Approval of the compromise will reduce the cost of litigation.  The reduction of cost is a significant factor, in light of the relatively small amount of cash available from the estate to fund litigation costs.  Approval of the compromise will allow the Trustee to focus on the asset he believes will generate a recovery for creditors, and to pursue the litigation against Cook and Lyons expeditiously in order to preserve the evidence.  The subordination of Carver's claim likely will result in little, if any, distribution to Carver, and likely will result in distribution to non-insider creditors of any funds recovered from Cook and Lyons.  The release to be granted to Carver is reasonable, in light of the low likelihood of collection as to any judgment against Carver.  The court concludes that the compromise should be approved.

Based on the foregoing, a separate Judgment will be entered granting the Motion to Compromise Controversy Under Bankruptcy Rule 9019 with James L. Carver (Docket No. 30).

Signed at Houston, Texas on August 23, 2005.

HONORABLE LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE